An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY A. DICKERSON; AND
AGUSTINA SIMON GONZALEZ,
Petitioners,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
JEROME POLAHA, DISTRICT JUDGE,
Respondents,
  and
VICTOR P. REPUBLICANO, JR.; AND
VIVIAN SIMON,
Real Parties in Interest.

No. 60435

**FILED**

FEB 1 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER DENYING PETITION
### FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging a district court order disqualifying petitioner Jeffrey A. Dickerson from serving as counsel for petitioner Agustina Simon Gonzalez in the underlying matter.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. See NRS 34.160; International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. See NRS 34.320. Whether a petition for extraordinary relief will be considered is purely discretionary with this court. Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Having considered the petition,

answers, and reply, we conclude that our intervention by way of extraordinary relief is not warranted. Id. at 679, 818 P.2d at 853. Accordingly, we deny the petition.

It is so ORDERED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Jerome Polaha, District Judge
Jeffrey A. Dickerson
Downey Brand LLP
Vivian Simon
Washoe District Court Clerk

---

[1]The clerk of this court is directed to return, unfiled, the status report submitted by proper person real party in interest Vivian Simon, which was provisionally received in this court on December 18, 2012. Accordingly, we deny as moot petitioners' December 21, 2012, motion to strike that document.